21-2867. Mark Estrella. The lower court here erred in ruling on a Rule 12b-6 motion to dismiss for lack of personal jurisdiction. This is subject to a de novo review. What appellant is seeking here, your honors, is guidance. Guidance in the sense that there's a lower court decision that seemed to play a heavy hand in terms of shaping the views of not only this court but also other courts in the country with regards to the impact and effect of the Montreal Convention on the issue of personal jurisdiction. You're talking about the Royal Sun case? That's correct, your honors. Which relies on Whitaker, which was a binding second circuit decision. That's correct, your honor, except for the fact that that issue was not fully briefed as stated in the court's own opinion. And I was on that case, your honor, in terms of there was no briefing on Montreal Convention. The court precluded that and yet commented on it in the court's opinion. The language of Whitaker is clear on this point, whether it's analyzed or not or briefed or not, it's sight of original injury. That's correct, your honor. Now, in this case, your honor, we're not basing our complete argument on personal jurisdiction coming directly from Montreal Convention. What we're arguing is that it has an impact in the specific personal jurisdiction analysis that's being utilized for purposes of supporting jurisdiction in this case. In this case, while there is no general jurisdiction being asserted, there is specific personal jurisdiction being asserted under the New York long arm statute, specifically 302, A3, 1 or 2. And the assertion is that the application of that statute needs to follow the line of cases or needs to be distinguished from a line of cases that applies to airline passenger personal injury. Or in those cases, there's a sight of injury test that's applied. And the purpose of that test is to prevent a party from bringing their injury home to sue in their home state. That's not what's going on here, your honors. This is a commercial cargo litigation in which the other party, EVA, is a actual carrier and UPS Supply Chain Solutions is a contracting carrier. And what that means is it creates a duality where if a customer suffers an injury under the Montreal Convention, it's allowed to choose which carrier to sue. And once it does- This started as a declaratory judgment action, I think, by National Union against your client. Correct, it was a segregation action by a subrogating insurer. And you're appealing from the dismissal of the third party complaint which your client brought against the airline. That's correct. Okay, and so the other part of the case is ongoing, the National Union- They settled. Declaratory judgment case. It's settled, that's correct, your honor. It's settled and has judgment been entered on it? I'm not sure of the particulars of whether it's been finalized yet, but it is settled and I believe a dismissal was entered in the case. So there's somewhere you can bring an indemnification action, presumably. There is somewhere you can bring an indemnification action even if not- Which we believe flies in the face of the structure that was contemplated under the Montreal Convention. Under the Montreal Convention, going back to that point, is when there's competing carriers and one gets sued, the point of the Montreal Convention under Article 45 is that the carrier that's sued can then sue the other carrier that wasn't sued. Consistent with the procedures of the local court. Correct. Had the National Union case been settled at the time- No. This appeal was taken? It was settled while the appeal was going on. So basically there was no appellate jurisdiction for the appeal that we are now sitting on. The assertion- There was no 54B compliance. And our argument in our papers is that they would have been entitled to a judgment of dismissal regardless of whether or not that case was settled or not. Well, that would be a basis for a Rule 54B certification- Certification. By the court, which was not issued. Now, is it your view that there was no, you took this appeal when there was no appellate jurisdiction, but the appellate jurisdiction has somehow ripened as a result of the settlement of the initial litigation, in which there's a settlement that has not been concluded? Our assertion is that we did have appellate jurisdiction, but that obviously filled the gap in terms of, it has ripened since- What's the gap? In terms of if there was a question as to whether or not there was appellate jurisdiction, the case ripened. What was the theory while the initial action was proceeding as to appellate jurisdiction? The theory being that the other party would have been entitled to a judgment of dismissal that would have cleared them out of the case, which it was effectively doing. Does Jacobs have a question? Well, it does seem that the appeal was filed in a hurry. In other words, before there was appellate jurisdiction. What do we do with that? I mean, do we have it now? There is no 54B certification. And the other part of the case is, the settlement's been negotiated, but it hasn't been dismissed. It has been dismissed. I believe it has been dismissed in terms of the other action. But what that- Does that mean that our jurisdiction now exists? Yes. It should. It should? Maybe it should. Going back to the original point, the reason why it was brought was because that decision, the ruling on the 12B-2, effectively cleared them out of that case. So there's nothing left for us to do vis-a-vis this particular litigant. And that would have defeated, one, the purpose and import of the Montreal Convention, which needs to be taken into account. It is a treaty- Wait, why did the 12B-2 clear them out of the case? Because it dismissed them out of the case, saying that it lacked personal jurisdiction. Right. Okay. There's really no other basis to pursue them anywhere else? No. What would have happened was we would have had to then produce them in Illinois. But the whole point of taking the appeal is to say, no, that's wrong. That's wrong because of the authority in terms of the correct analysis of the personal jurisdiction issue under the New York long-arm statute, coupled with the interaction and interplay of the Montreal Convention and the statutory scheme that it creates that says, we get to bring them to the place where we're being sued. Otherwise, it completely defeats that. And if that defeats- So, as a foreign selection or foreign clause of the Montreal Convention, was that intended to supplant the personal jurisdiction constitutional inquiry? Presumably not. As the court has recognized that subject, that the line in Article 45 is that the process is governed by the law of the court being seized of the case. So it's governed by the procedures and effects of which are being governed by the law of the court seized of the case. What does that mean? Yes, the argument is whatever the court wants it to mean. But with regards to this, yes, it depends on- that presumably would include American jurisprudence on personal jurisdiction. What our position is, is that we fulfill that without having to get that far, but it needs to be included in the analysis because it does govern how we apply it. I don't understand what you're saying right now. What exactly are you saying about the Montreal Convention right now and how it gets you to sue your adversary's client in New York? Sure. Under the New York long-arm statute, it allows you to sue for an injury that occurs in New York for a harm that occurs outside of New York. An out-of-state injury that creates an in-state injury. And the argument is that the injury suffered by UPS having to respond to the lawsuit in New York creates the in-state New York injury that allows us to make the argument for the New York long-arm statute. And we've never quite embraced that view, it seems to me. Well- We rejected it in Whitaker. Whether it was briefed or not, that's just contrary to Whitaker. I think you've conceded that, but- Under- Sorry if I misunderstood. And our assertion is that under DeStefano and Bank Brussels, that that needs to be looked at. So you want us to reconsider that? Yes, because in DeStefano- So that's what I thought you were really arguing, is you want us to, as a panel, reconsider our prior precedent, and you started off your argument by saying we need guidance. Right? Okay. I believe, but I may be wrong, that we've given, prior panels have given guidance on this issue, and we are not really authorized, short of an in-bank proceeding, to change that guidance in the way that you are asking us to do it. Do you understand that? Yes, Your Honor. And- Except for the fact that it doesn't take into consideration arguments that are based on the existence of the Montreal Convention. Montreal Convention. So you think that that changes the dynamic and that that's not just a- Well, actually, you may be saying two things. Not just together with the long-arm statute, but standing alone, you think that the Montreal Convention provides a mechanism for exercising jurisdiction here in New York. Is that correct? Yes. Okay, thank you very much. So you've reserved some time for rebuttal. Yes. We'll hear from your friend on the other side. Good morning. May it please the Court. My name is Chris Carlson, and I represent Eva Airways Corporation. To be honest, I'm not really sure that I'm following my opponent's arguments either. But it is clear that the portion of the convention that he is talking about, Article 45, which says that the plaintiff has the option of suing either one of the contracting or the operating carriers, it does not in any way say that what he's claiming it says is that once the plaintiff makes that choice, the sued defendant then gets to pull in the other carrier into that litigation without regard to jurisdiction. It is clear, both in the law in New York and the circuit and under the convention, that in order to commence litigation, the convention deals with subject matter jurisdiction, Article 33. It tells you basically what five countries in the world who are parties to the convention, where the suit can be brought. We have never quite said that in a clear way, that it's limited, it's really limited, and it only deals with subject matter jurisdiction. Is that right? We meaning the Second Circuit? I'm sorry, Judge, I misspoke. The Second Circuit does not. There are literally dozens of cases around the country. I appreciate that. The Second Circuit has never come out and said that. But the convention is clear. The wording of the convention deals with subject matter jurisdiction. Once you identify a country where subject matter jurisdiction applies, then the plaintiff has to comply with the internal law of that country. One of the things they have to comply with is venue and personal jurisdiction. And they need to satisfy the personal jurisdiction rules with respect to their third-party claim against EVA. Now, my opponent started out by saying that he did not carry this injury home. Matt, I want you for a second. So you're also suggesting here that we may not have to deal with the subject matter jurisdiction. We don't have to say one way or the other whether the Montreal Convention is really about subject matter jurisdiction. We can just assume for our purposes that it allows for some sort of exercise of personal jurisdiction and for the same reasons that your friend loses under the long-arm statute, he would lose or his client would lose under the Montreal Convention. Yes, Your Honor. We don't get there under New York law. But even if, well, I've got to address his comments about the convention. The convention simply does not provide personal jurisdiction in this case or any other case. It does not deal with it. It says we leave it to the rules of the court where the action is brought. Well, it says to the procedures of the court. And then I guess you have a characterization question of whether personal jurisdiction falls within that or has more substantive component that would fall without it. I suppose you could make that argument. I mean, certainly if it said we leave to the locality issues of personal jurisdiction or the power of the courts to haul someone in from no matter the territory where they reside or contacts occur or things like that, then sure. But what we have here is the word procedure. Yeah, and my position is that the procedure would include personal jurisdiction. I mean, the bottom line in this case is that it never should have been brought in New York. It has no connection to New York. Neither UPS nor EVA have any connection to New York in terms of their personal place of business or place of incorporation. It should have been brought in Chicago. And the only reason that it is in New York is because UPS waived its personal jurisdiction defense. They weren't subject to personal jurisdiction here. They're not a New York company. They didn't contract in connection with this case in New York. It all happened in Chicago. They just decided to come in and litigate and then waiving it and subjecting themselves to plaintiff's personal jurisdiction, the claim for plaintiff's claim. They then seek to carry the claim against me into New York, and that's just not how it works. There could be instances, I think not the case here, in which under the relevant jurisdictional prongs of the treaty, there would be treaty jurisdiction within the United States, but no federal court that could exercise personal jurisdiction over one of the carriers. No, Your Honor. There clearly is, under the facts of this case, there is subject matter treaty jurisdiction in the United States. Understood. There also clearly would be personal jurisdiction. That is not disputed here. That's not disputed. My question is that could be, it's not true in this case, but it could be true in another case where that's true, but no federal court could exercise jurisdiction over one of the carriers.  The convention, once you get subject matter jurisdiction, doesn't say, okay, there's a general United States personal jurisdiction that's created. They still have to look at personal jurisdiction in the court where they bring the case, and they clearly could have done it. UPS could have been sued by plaintiff in Chicago, and they could have asserted their third-party claim against us in Chicago. For whatever reason, they decided to do it in New York by waiving their defense. They could do that now, presumably. They could sue you for indemnification now or not? Well, okay, never mind. Don't put me on the spot, but probably. Yeah. But it had to be in Chicago. It had to be out of this state, yes. Correct. Do we have appellate jurisdiction? Your Honor, I don't think so, but to tell you the truth, I didn't brief it, and I'm not in a position to discuss it in detail right now. May I suggest that we ask for, we'll instruct each side to provide us with a briefing, because this is not something, just Jacobs' series of questions made me think about this as well. Me too. This is not something that I've considered, at least in this context. So if today's Friday, unfortunately next week is Thanksgiving, but if you all can provide us with another briefs, and we'll have an order to that effect in a week. Ten days. Ten days, okay. I was going to be a little bit meaner than just Jacobs apparently. The Monday after Thanksgiving. Yes, Judge. Is that it? Yes, Your Honor. Okay. Thank you. Thank you. All right. We'll hear a rebuttal. Just two points, Your Honor. First is, with regards to whether or not there's personal jurisdiction over UPS, that is irrelevant to the analysis before the court. Two, with regards to the specific personal jurisdiction under the New York statute, as we've briefed, there is a basis for that, based on a correct reading of the authorities that apply the New York long-arm statute. In commercial context and not in the airline personal injury cases that my friend here has cited in their brief. That's all I have. Do you want just on that one point, so you're not arguing that any indemnification action, there's personal jurisdiction over the third party defendant? You're saying only in the context of the Montreal Treaty? Do I have that right? Or are you saying, set my Montreal Treaty argument aside. There's always personal jurisdiction over a third party defendant? That's our primary argument, Your Honor, but that analysis in terms of the commercial context has to bring in existing jurisprudence on Montreal Convention to identify that the rights of recovery are different. In other words, whatever the plaintiff was suing for is different than the rights that UPS has having to face that lawsuit and seeking indemnity and contribution from the actual carrier. Those are two different, under the Chubb case, those are two different rights. And because those are two different rights, it feeds into the analysis that this court has recognized in DiStefano and Bank Brussels as to how an out-of-state injury applies to an in-state injury in New York. And there was one here in terms of UPS having to face litigation involving the underlying problem that happened in the air. Very well. So we look forward to the letter briefs on November 28th by the close of the business day. We will reserve the decision. Thank you. That concludes today's final argument on today's argument calendar. And I'll ask the Courtroom Deputy to adjourn court. Thank you. Court is adjourned. Thank you.